THE PEOPLE, RESPONDENT, *v.* PAGÁN ET AL., APPELLANTS.

APPEAL from the District Court of Mayagüez.

No. 606.—Decided June 17, 1913.

SANITARY REGULATIONS—RAT-PROOFING BUILDINGS—ATTORNEY IN FACT—SUFFI-
CIENCY OF INFORMATION.—In an information against the attorneys in fact of joint owners of a building for the violation of Sanitary Regulation No. 3 governing the rat-proofing of buildings it is not necessary to allege that they were duly authorized by their powers to carry out improvements ordered by the Director of Sanitation, it being sufficient under the general rule that the information follow the language of the statute.

ID.—WAREHOUSE—CONCRETE FLOOR.—In an information for failure to comply with an order of the Director of Sanitation requiring that a cement floor be placed in a house used as a warehouse, it is not necessary to allege that the building has a wooden floor, because Rule 7 of Sanitary Regulation No. 3 requires that all warehouses shall have concrete floors.

ID.—REPAIRS TO PROPERTY—ATTORNEY IN FACT.—The laying of a cement floor in a building used as a warehouse, as required by Sanitary Regulation No. 3, is merely a work of repairs and preservation and not of new construction or building; hence a general attorney in fact has the power to make said repairs without an express power of attorney and his failure to do so renders him liable for the violation of Sanitary Regulation No. 3.

ID.—JOINT OWNERS.—A joint owner of a building used as a warehouse is under the obligation to put in a cement floor according to Sanitary Regulation No. 3, because this is a work of preservation and, in accordance with section 402 of the new Civil Code, he may compel the other joint owners to contribute to the expense thereof, and he cannot plead the provisions of section 404 of said code as an excuse.

ID.—REPAIRS BY SANITARY AUTHORITIES—LIABILITY OF OWNER.—In accordance with section 31 of Act No. 81 of 1912, a violater of the sanitary regulations incurs the responsibility fixed by said act although the order that the work be performed notifies him that if he does not do it, the work will be performed by the sanitary authorities for his account.

The facts are stated in the opinion.

Mr. Angel A. Vázquez for appellants.

Mr. Charles E. Foote, fiscal, for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants were charged in the District Court of Mayagüez with having violated section 7 of Sanitary Regulation No. 3 of the Superior Board of Sanitation governing the construction and rat-proofing of buildings and their appurtenances in the Island of Porto Rico. Having been convicted and sentenced to pay a fine, they took the present appeal whose first ground is that the trial court erred in overruling their demurrer to the sufficiency of the information, which in part reads as follows:

"The said Vicehte Pagán, representing the widow Gálvez; Francisco del Moral, in his own right and as attorney in fact of Carmen Nadal, widow of del Moral; Salvador Nadal, as attorney in fact of Félix Nadal; and Enrique Franco, as attorney in fact of Angel B. Martínez—the widow Gálvez, Francisco del Moral, Carmen Nadal, widow of del Moral, Félix Nadal, and Angel B. Martínez, being the owners of a warehouse situated in the Playa of Mayagüez, in the

municipal judicial district of Mayagüez, P. R., on February 5, 1913, wilfully and maliciously failed to make said warehouse rat-proof in spite of the fact that they were notified on January 25, 1913, by José Enrique Colón, a sanitary inspector, to lay a concrete floor in said building inasmuch as it is used as a warehouse and provision storehouse, they having been granted a reasonable term of 10 days dating from January 25, 1913, within which so to do.  *    *    *.''

The appellants maintain that, being charged with an offense in their characters as agents, the information should have alleged that they are duly authorized as such to carry out the improvements ordered by the director of sanitation, because in their said characters as agents they must comply with the instructions of their principals and cannot exceed the limits of their powers.

Reserving for later a more detailed consideration of the question as to whether or not the accused as such attorneys in fact are obliged to make the improvement ordered, it is sufficient for the present to say as regards the demurrer that the information does not contain the defect alleged as it follows the language of the statute which, according to the general rule, is sufficient, as we have decided in the cases of *The People* v. *Fontana,* 16 P. R. R., 626, and *The People* v. *Birrier,* 18 P. R. R., 260, therefore the lower court did not commit the error assigned in overruling the demurrer on this ground.

During the argument of this appeal the appellants alleged for the first time as a further ground of their demurrer that the information was insufficient because it did not state whether the warehouse in which the concrete floor was ordered to be placed had a wooden floor. It is not necessary that the information should contain said allegation, for although section 7 of the said regulation provides that buildings used as warehouses shall be subject to the rules prescribed for dwelling houses in which the floor of the lower story is required to be of wood in order that the improvements specified in section 2 of the regulation may be ordered, nevertheless the last clause of section 7 provides that notwithstanding this all ware-

houses necessarily must have concrete or cement floors, from which it is inferred that it is not essential that the floor be of wood for its substitution by a concrete or cement floor to be ordered. It is sufficient that the floor is not of this class of material and the building is used as a warehouse.

The second ground on which the appellants base their appeal is that the judgment is not only contrary to law but to the evidence.

From the evidence set forth in the record it appears that three of the accused are general attorneys in fact of as many joint owners of the building in question and that the other defendant is a joint owner thereof; that the said building is used as a warehouse and that it has neither a concrete nor a cement floor, notwithstanding the fact that the period granted by the director of sanitation for the laying of that kind of floor has expired.

The proper provisions of a general power of attorney include acts of administration, as acts of ownership and dominion require a specific power of attorney, hence a general power to manage property necessarily includes the obligation on the part of the agent to perform all acts necessary for the preservation of the property as would be done by a good father of a family. Therefore, it cannot be said that the agent exceeds the limits of his power when he performs acts necessary for the preservation of the property whose care and preservation have been entrusted to him, for to manage is to take care of and preserve. Consequently, the attorney in fact is obliged to do what is necessary to the end that the property confided to his care may be used for the object intended by its owner and express power for that purpose is not necessary. Moreover, as a building used as a warehouse must meet the requirements of the Law of Sanitation or cease to be used as such, it is logical that if the agent must keep the building in condition for that purpose, he should make the necessary repairs. Therefore, as the repairs ordered in this case by the director of sanitation were to give the building the conditions

required in all warehouses, to which use it was destined by its owners, such reforms were merely as repairs and preservation inasmuch as they simply called for the changing of the present floor for another and, therefore, did not partake of the character of new construction or building, as is contended erroneously by the appellants.

As regards the accused who is a joint owner, the fact that by section 404 of the Revised Civil Code a joint owner is prohibited from making any changes in the common property without the consent of the other owners, although benefits to all may result therefrom, is no excuse, because, as we have said, this is a case of repairs only, involving no change in the property owned in common; and if, as stated, the accused as attorneys in fact of certain of the joint owners are under obligation to make these repairs, then the accused joint owner is under a like obligation and *a fortiori* in view of the fact that section 402 of the Revised Civil Code gives him the right to compel the other joint owners to contribute to the expenses of preserving the common property.

The final contention of the appellants is that as they were ordered to perform this work with notice that if it were not done by them within 10 days it would be done by the sanitary authorities for account of the owners, their failure to comply did not subject them to any criminal responsibility, but merely imposed upon them the obligation to defray the expense of such work so performed by the sanitary authorities.

Act No. 81 to reorganize the sanitation service, approved March 14, 1912, reads as follows:

"Section 31. That in the event of the failure of the owner, agent or tenant of any property where a public nuisance exists to remove or abate the same within a reasonable time after the proper notification to perform the work has been served, the sanitary authorities are hereby empowered to remove or abate the nuisance at the expense of said owner, agent or tenant, and the party in interest shall be given due notice of the expenses thereby incurred, and shall reimburse the health authorities therefor. Any sums so paid by the sanitary officials

for the removal or abatement of a nuisance shall be a lien upon the property from which removed, or upon which abated, and a legal claim against the owner, agent or tenant. This action shall not, however, relieve any such owner, agent or tenant from liability for the violation of the provisions of the sanitary regulations." * * *.

"Section 33. That any person violating any sanitary regulation put in force as herein provided shall be punished by a fine of not less than one nor more than one hundred dollars, or by imprisonment from one to thirty days, or with both penalties, at the discretion of the court."

The statutory provisions above cited show clearly that the mere failure to make the repairs ordered by the director of sanitation in accordance with the law and the regulation is sufficient ground for the criminal prosecution of the person under obligation to make them, whether they are finally made by the sanitary authorities or not.

Therefore, the judgment appealed from does not contain the errors of law assigned by the appellants and the evidence shows that all the requisites necessary for the conviction of the accused of the offense charged were proven.

The judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.